UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**JEFFREY A. CARAMEROS,**

    Plaintiff,

v.                                                  Case No:5:12-CV-473-Oc-10PRL

**OCALA PULMONARY ASSOCIATES,
P.A.**

    Defendant.
_____

## ORDER

This matter is before the Court on Defendant, Ocala Pulmonary Associates, P.A.'s Motion to Set Aside a Default (Doc. 8), filed on November 16, 1012.  Plaintiff has not filed a response and his time for doing so has passed.  Pursuant to Federal Rule of Civil Procedure 55(c), Defendant, Ocala Pulmonary Associates, P.A. requests the Court to set aside the default entered by the Clerk in this case on November 8, 2012.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[t]he court may set aside an entry of default for good cause. . ."   The good cause standard under Rule 55(c) is a liberal standard and distinguishable from the more rigorous excusable neglect standard applicable to a request to set aside a default judgment.  *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 527-28 (11th Cir. 1990).

Defendant was served with a copy of the Complaint and Summons on October 15, 2012.  (Doc. 4).  On November 7, 2012, Plaintiff filed his Motion for Clerk's Default. (Doc. 5).  On

November 8, 2012, the Clerk entered default against Ocala Pulmonary Associates, P.A. (Doc. 6). Eight days later, Defendant filed the instant motion (Doc. 8).

In the motion, counsel explains that Defendant is a defendant in a companion case styled *Carameros v. Ocala Pulmonary Associates, P.A.*, in the Circuit Court in and for Marion County, Florida 2011-CA-3484, and that the complaint in this action was erroneously placed in the state case file. On November 13, 2012, counsel discovered the complaint and promptly filed the instant motion. Defendant represents that the facts and issues presented in the federal case are identical to those raised in the state case and Defendant has the same meritorious defenses.

Under these circumstances, Defendant has shown the requisite good cause to set aside the default. Defendant timely moved to set aside the default, there is no suggestion of willfulness in the delay in serving the responsive pleading, there is a meritorious defense, and most importantly, Plaintiff has voiced no objection to Defendant's motion.

Accordingly, Defendant's Motion to Set Aside Default (Doc. 8) is **GRANTED** and the Clerk's default entered against Ocala Pulmonary Associates, P.A. on November 8, 2012 (Doc. 6) is hereby **SET ASIDE**. Within **five (5) days** of this Order, Defendant shall serve and file its response to Plaintiff's Amended Complaint (Doc. 3).

**DONE** and **ORDERED** in Ocala, Florida on January 4, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties